William Bertram FELLOWS, Plaintiff,

v.

Laurier T. RAYMOND, Jr., Androscoggin
County Judge of Probate, in His
Official Capacity, Defendant.

Civ. No. 93–245–P–H.

United States District Court,
D. Maine.

Jan. 14, 1994.

Margaret E. Gallie, Legal Services for the
Elderly, Inc., Lewiston, ME, for plaintiff.

Carmen Coulombe, Asst. Atty. Gen., Augusta, ME, for defendant.

## ORDER OF DISMISSAL

HORNBY, District Judge.

William Fellows challenges the constitutionality of Maine's temporary guardianship statute. To do so, he has sued State Probate Judge Laurier T. Raymond, Jr. to enjoin him from applying the statute. On November 15, 1993, I directed the plaintiff to show cause why his claim should not be dismissed in light of *In re Justices of the Supreme Court of Puerto Rico*, 695 F.2d 17 (1st Cir.1982). I now conclude that I must dismiss the case without reaching the merits of the claim because Judge Raymond, the sole defendant, is not a proper party.

### BACKGROUND

Maine's temporary guardianship statute, 18–A M.R.S.A. § 5–310, authorizes a temporary guardianship for an incapacitated adult in an emergency situation. Notice and a hearing follow rather than precede the appointment.[1] On January 29, 1993, following an *ex parte* hearing, Judge Raymond approved Gloria Fellows' petition to be appointed the temporary guardian and conservator of her husband, William Fellows. Judge Raymond, probate judge for Androscoggin County, had been sitting temporarily in the Oxford County probate court, where the guardianship petition was filed. Following the temporary appointment, Judge Raymond's involvement in the case ended. Mr. Fellows challenged the temporary guardianship and, on June 4, 1993, following a full evidentiary hearing, Oxford County Probate Judge Richard E. Whiting ruled that a permanent guardian was unnecessary. He did appoint a conservator to handle Mr. Fellows' finances. Neither party appealed his order.

Mr. Fellows now wants to have the temporary guardianship statute declared unconsti-

---

1. "If an incapacitated person has no guardian and an emergency exists, the court may exercise the power of a guardian or may appoint a tempo-   rary guardian pending notice and hearing." 18–A M.R.S.A. § 5–310 (Supp.1993).

tutional and its future use against him enjoined. He maintains that the delay of notice and hearing until after creation of a temporary guardianship violates due process requirements. Seeking a relevant state actor against whom to bring a § 1983 challenge to the statute, Mr. Fellows has chosen Judge Raymond. He asserts that the conditions persist that prompted his wife initially to petition for a temporary guardianship and that he fears her future resort to that measure.

## DISCUSSION

■ Supreme Court and First Circuit caselaw have distinguished the role of judges in adjudicating a dispute from their role in promulgating court rules or initiating on their own the enforcement of rules. When judges adjudicate, they are not proper parties to a lawsuit. *In re Justices,* 695 F.2d at 22. On the other hand, when they promulgate rules or have individual authority to initiate enforcement measures, they are proper parties. *Supreme Court of Virginia v. Consumers Union of the United States, Inc.,* 446 U.S. 719, 736, 100 S.Ct. 1967, 1977, 64 L.Ed.2d 641 (1980); *Rivera–Puig v. Garcia–Rosario,* 983 F.2d 311, 318 (1st Cir.1992); *In re Justices,* 695 F.2d at 23, 24.

Caselaw from other Circuits also seems to fit this pattern. In *R.W.T. v. Dalton,* 712 F.2d 1225 (8th Cir.), *cert. denied,* 464 U.S. 1009, 104 S.Ct. 527, 78 L.Ed.2d 710 (1983), an "adjudication" type of case, the Eighth Circuit stated that "[i]n the typical prospective assault on the constitutionality of a state statute, the state judge is not a proper party defendant under § 1983 because he has no stake in upholding the statute: he is not the plaintiff's adversary, and the complaint should be dismissed for failure to state a claim upon which relief can be granted." *Id.* at 1232. In *Georgevich v. Strauss,* 772 F.2d

1078, 1089 (3rd Cir.1985), on the other hand, the plaintiffs were seeking to force the state judiciary (the Pennsylvania Courts of Common Pleas) to initiate rulemaking power in connection with its authority to parole all prisoners serving less than two years in state prisons. Although the Third Circuit ultimately ordered abstention, it first concluded that the class of Pennsylvania judges was a proper party defendant, ruling that they had not been sued in their role as adjudicators. *Id.* at 1087.[2]

■ Judge Raymond's action in appointing Mrs. Fellows as the temporary guardian of her husband fits the classic adjudicative pattern. It is true that Judge Raymond acted *ex parte* (as the statute permitted him to do), but he acted only after a petition had been filed before him and he then proceeded to apply the Maine statute. Judge Raymond has no adverse legal interest with respect to Mr. Fellows, nor in general with respect to persons who are asserted to be incapacitated. Nor does he have a personal or institutional stake in the constitutionality of the Maine statute. He did not promulgate nor initiate on his own the enforcement of any court rule. His role in the temporary guardianship appointment under section 5–310 was solely that of an adjudicator, making him an improper party under the caselaw I have discussed.

Mr. Fellows argues that a probate judge's role under the temporary guardianship statute is also administrative. It is true that probate judges have duties that differ in some respects from those of other categories of judges in their reviews of accountings, supervision of trustees or executors, etc., and that their decisions rarely produce a "winner" or "loser." Still, many of their duties are adjudicative in the sense the caselaw has used that term—as distinguished from the role of promulgating or enforcing rules on a

**2.** Mr. Fellows refers to *Pulliam v. Allen,* 466 U.S. 522, 104 S.Ct. 1970, 80 L.Ed.2d 565 (1984), an action against a state judge, but in that case the state judge did not appeal the appropriateness of her being sued for injunctive relief. *Id.* at 542,

104 S.Ct. at 1981. The Supreme Court ruled only that judges are not by definition *absolutely immune* from injunctive relief and proceeded to decide the availability of attorney fees under § 1983.

judge's own initiative.[3] Here, the statute provides that a petition for a temporary guardianship is to "be brought before any judge," thus contemplating a classic adjudication. 18–A M.R.S.A. § 5–310. The fact that notice and a hearing follow the decision (I express no view on the constitutional merits of this procedure) is similar to procedures in *ex parte* attachments and emergency temporary restraining orders, well-known adjudicative devices.

Mr. Fellows also argues that he should be permitted to sue Judge Raymond because there is no other state actor whom he can sue to obtain a ruling on the constitutionality of the statute. The First Circuit has indicated that this may be a factor to be considered. *In re Justices*, 695 F.2d at 25. It is not at all clear, however, that Mr. Fellows cannot find a more eligible defendant than Judge Raymond. If a new petition by his wife truly is likely, she would seem to be a potential defendant. Although she is not herself a state actor, it appears that the caselaw would permit Mr. Fellows to obtain a ruling on the statute's constitutionality because a temporary guardianship appointment would require her to make use of the state procedures and the assistance of a probate judge. *See, e.g., Tulsa Professional Collection Servs. v. Pope*, 485 U.S. 478, 486, 108 S.Ct. 1340, 1345, 99 L.Ed.2d 565 (1988) (in a probate case, "when private parties make use of state procedures with the overt, significant assistance of state officials, state action may be found"); *Lugar v. Edmonson Oil Co., Inc.*, 457 U.S. 922, 941, 102 S.Ct. 2744, 2756, 73 L.Ed.2d 482 (1982) (a private party's joint participation with state officials in obtaining an *ex parte* writ from a state court clerk for execution by a county sheriff to secure a prejudgment attachment is sufficient to provide state action).[4]

I choose not to follow *Grant v. Johnson*, 757 F.Supp. 1127 (D.Or.1991). Although the facts in that case are similar to those of this case, the court simply did not address the issue whether a state judge was an appropriate defendant under these circumstances. The Supreme Court and Circuit Court caselaw I have discussed point clearly in the opposite direction.

For all these reasons, I conclude that whatever may be the merits of Mr. Fellows' attack on the constitutionality of the temporary guardianship statute, Judge Raymond is not a proper defendant. Accordingly, the case is **DISMISSED** for failure to state a claim upon which relief can be granted.

So **ORDERED.**

---

3. This case does not present the issue of a probate judge actively exercising the power of a guardian as the statute seems to permit in some instances. *See* 18–A M.R.S.A. § 5–310.

4. This case is unlike *Smith v. Wood*, 649 F.Supp. 901, 907 (E.D.Pa.1986), where the court found *no state action*, because in that case there was no allegation that the state procedures used were defective in any way. The court in *Smith* stated: "I find that plaintiff in this case is merely dissatisfied with the result of the state court litigation and has failed to cite any defect in the procedure used to secure the result. Private litigants must set forth the manner in which a state law procedure is defective."