**GREAT WESTERN COATINGS, INC., a Washington corporation, Plaintiff,**

v.

**CARBOLINE COMPANY, a Delaware corporation, Defendant,**

v.

**AMWEST SURETY INSURANCE COMPANY, a California corporation, Counterclaim Defendant.**

**Civ. No. 89–1143–FR.**

United States District Court, D. Oregon.

Sept. 28, 1990.

Joseph A. Yazbeck, Jr., Robert L. O'Halloran, Allen, Kilmer, Schrader, Yazbeck &

Chenoweth, Portland, Or., for plaintiff and counterclaim defendant.

Charles T. Smith, Scott J. Meyer, Mitchell, Lang & Smith, Portland, Or., for defendant.

## OPINION

FRYE, District Judge:

The matter before the court is the motion for summary judgment (#18) of counterclaim defendant, Amwest Surety Insurance Company (Amwest).

## BACKGROUND

This is an action by plaintiff, Great Western Coatings, Inc. (Great Western) against defendant, Carboline Company (Carboline) for breach of contract. In its complaint, Great Western claims that certain painting materials which Carboline supplied for Great Western's use in the construction of Oregon State Highway Division Public Works Project 10563, the Rogue River Bridge Project (the Rogue River project) were defective. Carboline has filed a counterclaim against Great Western seeking $23,677.18, which it claims is due and owing for the products which it supplied to Great Western. Carboline has also filed a counterclaim against Amwest as surety for Great Western on the Rogue River project. In the motion before the court, Amwest seeks summary judgment against Carboline on Carboline's counterclaim against Amwest.

## UNDISPUTED FACTS

Great Western is a Washington corporation authorized to do business in the State of Oregon. Carboline is a Delaware corporation with its principal place of business in the State of Missouri. Carboline is authorized to do business in the State of Oregon. Carboline is in the business of manufacturing and selling paint products. Amwest is a California corporation authorized to do business in the State of Oregon. Amwest is in the business of issuing surety bonds.

On or about March 10, 1988, Great Western, as principal, and Amwest, as surety, posted a payment bond to the Oregon State Highway Department (OSHD), as obligee, with respect to the Rogue River project. Beginning in or about July, 1988, Carboline began supplying paint products for the use of Great Western on this project. Carboline made its last shipment of supplies to Great Western on or about November 10, 1988.

On November 9, 1989, Carboline notified Amwest by letter of its claim against Great Western for unpaid bills in the amount of $23,677.18 in connection with the Rogue River project.

On June 12, 1990, the OSHD Commission Service notified Amwest by letter that Great Western's work on the Rogue River project had been completed and accepted by the State Highway Division on June 6, 1990. The letter stated that no claims for labor or material had been filed with the OSHD Commission Service against Amwest's performance bond on the contract.

## CONTENTIONS OF THE PARTIES

The parties agree that there are no disputed issues of fact. Amwest contends that the bond counterclaim filed by Carboline must be dismissed because Carboline failed to give Amwest notice of its claim as required by O.R.S. 279.528. Amwest also claims reasonable attorney fees under O.R.S. 742.061, which provides for the recovery of attorney fees in actions on a contractor's bond.[1]

Carboline admits that it did not comply with the technical notice requirements of O.R.S. 279.528, but argues that it substantially complied with the notice requirements of O.R.S. 279.528 by giving direct notice to Amwest. Carboline contends that the notice it gave to Amwest performed the function intended by the statute, and that its claim against Amwest should not be defeated because it did not strictly comply with the statute. Carboline contends that

---

**1.** Although there is no motion properly before the court for summary judgment on Amwest's counterclaim for attorney fees, the court will consider the matter at this time because Carboline has not objected to the request for attorney fees on this ground.

Amwest is not entitled to its attorney fees because it does not meet the requirements for such an award as set out in O.R.S. 742.061.

## APPLICABLE STANDARD

Summary judgment is appropriate where "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R. Civ.P. 56(c). The initial burden is on the moving party to point out the absence of any genuine issue of material fact. Once the initial burden is satisfied, the burden shifts to the opponent to demonstrate through the production of probative evidence that there remains an issue of fact to be tried. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). On a motion for summary judgment, all reasonable doubt as to the existence of a genuine issue of fact should be resolved against the moving party. *Hector v. Wiens,* 533 F.2d 429, 432 (9th Cir.1976).

## ANALYSIS AND RULING

Chapter 279 of the Oregon Revised Statutes governs public contracts such as the Rogue River project. The successful bidder for a contract for public improvements must execute and deliver to the public contracting agency a bond, to be approved by the public contracting agency, in the amount of the contract price for the faithful performance of the contract. O.R.S. 279.029(4)(b). Amwest, as surety, posted such a payment bond on behalf of Great Western, as principal, for performance of the Rogue River contract.

A person claiming to have supplied labor or materials for work performed under a public contract with a state agency has a right of action on the contractor's bond only if the person gives written notice of such claim to the contractor and the Secretary of State. O.R.S. 279.526. O.R.S. 279.-528 prescribes the form of notice required to vest a person with this right of action. A person who has a right of action on the bond pursuant to O.R.S. 279.526 may institute the action in a circuit court of the State of Oregon or in the federal district court for the District of Oregon. O.R.S. 279.536(1). Carboline filed this counterclaim against Amwest as the bond surety for Great Western to recover money Carboline claims Great Western owes it for materials supplied on the Rogue River project.

O.R.S. 279.528 provides that notice of a claim for work performed or material supplied to a public contract shall be sent by registered or certified mail or hand delivered no later than 120 days after the day the person making the claim last provided labor or materials. O.R.S. 279.528(1). The notice may be sent or delivered to the contractor at any place the contractor maintains an office or conducts business or at the contractor's residence. *Id.* The statute further provides a form with which the notice should substantially comply.[2] O.R.S. 279.528(3). Finally, the notice must be signed by the person making the claim or giving the notice. O.R.S. 279.528(4).

 Public works bonds are required as a form of security for laborers, suppliers, and subcontractors working under public contracts. *School Dist. No. 1 v. Rushlight & Co.,* 232 Or. 341, 348–50, 375 P.2d 411 (1962). As a rule, the general contractor is responsible for all bills incurred on the job and is required to obtain a surety bond to secure these obligations.

---

2. The notice shall be in writing substantially as follows:

To (here insert *Secretary of State* or the name of the public body and contractor):
Notice hereby is given that the undersigned (here insert the name of the claimant) has a claim for (here insert a brief description of the labor or materials performed or furnished and the person by whom performed or furnished; if the claim is for other than labor or materials, insert a brief description of the

claim) in the sum of (here insert the amount) dollars against the bond taken from (here insert the name of the principal and, if known, the surety or sureties upon the bond) for the work of (here insert a brief description of the work concerning which the bond was taken). Such material or labor was supplied to (here insert the name of the contractor or subcontractor).

_____ (here to be signed)
O.R.S. 279.528(3).

*Id.* at 348, 375 P.2d 411. Suppliers of labor and materials under private contracts can obtain liens to secure payment. Such liens are not enforceable aganst public property however, O.R.S. 23.160(7), and the surety bond acts as a substitute. *Id.*

A percentage of the price for a public works contract is always retained by the state agency until after the job has been completed. *Rushlight* at 349, 375 P.2d 411. If suppliers of labor or materials file notices of unpaid bills with the Secretary of State as required by O.R.S. 279.526, the state agency may pay these bills out of the money it has retained, or it may require the debtor contractor to pay the bills as a condition to its receipt of the balance of the contract price. *Id.* at 350, 375 P.2d 411. If the state agency has retained an insufficient amount to pay these bills and the debtor contractor is insolvent, then the bond surety will be called upon to make payment. *Id.*

 Carboline admits that it did not comply with the statutory notice requirements of O.R.S. 279.528 set out above. Carboline contends nevertheless that its letter to Amwest dated November 9, 1989 satisfies the function of the notice requirement. This letter was received by Amwest prior to the final payment made by the Department of Transportation to Great Western on the Rogue River contract.

Carboline relies on *School Dist. No. 1 v. Rushlight & Co.*, 232 Or. 341, 375 P.2d 411 (1962), in support of its argument that notice which substantially performs its intended function is satisfactory despite the absence of strict statutory compliance. In *Rushlight*, the claimant's notice was timely and was received by the appropriate public body. The only defect was that the letter giving notice of the claim was not exactly in the form suggested by O.R.S. 279.528(3). Specifically, the letter did not name the principal or surety on the bond and did not explicitly state that a claim was being made on the bond. The court held that the notice still performed the function for which it was intended and thus was in substantial compliance with the statute.

*School Dist. No. 1 v. Rushlight & Co.*, 232 Or. at 352, 375 P.2d 411.

The notice provided in *Rushlight* and the notice given by Carboline are significantly different. Unlike the claimant in *Rushlight*, Carboline did not comply with virtually any of the requirements explicitly set forth in O.R.S. 279.528. There is no indication that Carboline's letter was sent by registered or certified mail or hand delivered. Notice was never filed with the Secretary of State and was never received by any public body. The letter was sent more than 120 days after Carboline last provided materials to Great Western for the Rogue River project. The letter did not comply with the form suggested in O.R.S. 279.528(3).

The defects in Carboline's notice, unlike the defects in *Rushlight,* go to the heart of the notice requirement. The OSHD never received notice of the claim and thus the claim did not become part of the public record. Amwest did not receive notice of the claim until almost twelve months after the last date on which Carboline provided any materials to the Rogue River project rather than within the four months provided by the statute. The undisputed facts indicate that at the time the project was completed, the OSHD Commission Service was unaware of any claims regarding the project and had retained only one hundred dollars of the money due to Great Western.

The court concludes that Carboline's notice not only does not meet the letter of the statute, it does not perform the function intended for the notice required. Because the notice was never made part of the public record, the OSHD Commission Service did not retain sufficient funds to pay the claim. Carboline's eight-month delay in giving notice of its claim to Amwest may have prejudiced any rights Amwest had against Great Western as principal.

Based on the undisputed facts of this case, the court holds that Carboline did not give notice of its claim as required by O.R.S. 279.528, and as a matter of law Carboline has no right of action against Amwest's bond under O.R.S. 279.526.

*Amwest's Claim for Attorney Fees*

 O.R.S. 742.061 governs the award of attorney fees in an action on a contractor's bond. It provides that in an action brought on a bond if the amount of the plaintiff claimant's recovery does not exceed the amount of any tender made by the defendant surety, the court shall fix a reasonable amount as attorney fees and award it to the defendant surety as part of the costs of the action.

Carboline recovers nothing on its claim against Amwest's bond. Amwest has tendered nothing to Carboline on its claim. Under the plain language of O.R.S. 742.-061, Carboline's recovery does not exceed the amount of any tender made by the surety, Amwest. Amwest is entitled to attorney fees in a reasonable amount to be fixed by the court.

## CONCLUSION

Amwest's motion for summary judgment seeking dismissal of Carboline's bond counterclaim (# 18) is granted.

Carboline is ordered to pay the attorney fees incurred by Amwest in this action in a reasonable amount to be agreed upon by the parties or to be determined by the court.