Charles E. PAPST, Sr., Plaintiff,

v.

Todd BAY, Deputy Sheriff, Defendant.

No. Civ. 04–6198–TC.

United States District Court,
D. Oregon.

Feb. 1, 2005.

Keith D. Karnes, Olsen Olsen & Daines, Salem, OR, for Plaintiff.

Jane Ellen Stonecipher, Kirstin E. Lurtz, Marion County Legal Counsel, Salem, OR, for Defendant.

## ORDER

COFFIN, United States Magistrate Judge.

Plaintiff contends that he was wrongfully arrested and brings this action for a violation of his Fourth Amendment rights and for False Imprisonment. Presently before the court is plaintiff's motion (# 12) for partial summary judgment on Fourth Amendment liability and defendant's motion (# 22) for summary judgment. The parties executed written consents for entry of final judgment by a magistrate pursuant to 28 U.S.C. § 636(c).

### Factual Background

Plaintiff Charles Papst leased a portion of his home to Nida Morris. Morris had purchased a Chevy Impala and financed the purchase through General Motors Acceptance Corporation (GMAC). Morris failed to make payments to GMAC and GMAC requested provisional process to recover the Impala. The Oregon Circuit Court granted GMAC's request and Papst was listed as a defendant on the Provisional Process Order (Order) signed by the court.[1] The Order authorized the Sheriff

---

1. Although the Order does not specifically    state it, defendant in this action states that

of Marion County to take the Impala and also ordered defendants to turn over the Impala and "immediately disclose to [GMAC] or to the Marion County Sheriff all information relating to the disposition of the claimed property, and the location of the claimed property, if the property is not in the possession of the defendants or defendants' agents." Provisional Process Order, attached to Defendant's Response to Plaintiff's Concise Statement of Material Facts (# 21). In a letter to the Sheriff, GMAC's attorney noted that the Order requires the defendants to disclose the vehicle's whereabouts if it is not in their possession and "[s]ince this is a court mandate, the provisional process order shall be personally served in order for sanctions for its violation to be effective." GMAC Letter, attached to Defendant's Response to Plaintiff's Concise Statement of Material Facts (# 21).

Defendant Deputy Sheriff Todd Bay and another deputy were assigned to execute and serve the order. They were unable to locate the Impala or Nida Morris at plaintiff's residence, but defendant Bay had a lengthy verbal exchange with plaintiff Papst. Bay perceived Papst to be lying and otherwise failing to obey the Order. He consulted a statute book and arrested Papst for violating ORS 162.235. Such statute is entitled "Obstructing Governmental or Judicial Administration." It provides, in part:

> A person commits the crime of obstructing governmental or judicial administration if the person intentionally obstructs, impairs or hinders the administration of law or other governmental or judicial function by means of intimidation, force,

physical or economic interference or obstacle.

ORS 162.235(1).

### Standards

Summary judgment is appropriate where "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The initial burden is on the moving party to point out the absence of any genuine issue of material fact. Once the initial burden is satisfied, the burden shifts to the opponent to demonstrate through the production of probative evidence that there remains an issue of fact to be tried. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Rule 56(c) mandates the entry of summary judgment against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof. *Id.* at 323, 106 S.Ct. 2548. There is also no genuine issue of fact if, on the record taken as a whole, a rational trier of fact could not find in favor of the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1355, 89 L.Ed.2d

---

Papst was listed as a defendant on the Order because he owned the locked garage where the vehicle was stored and was believed to personally use and be in possession of the vehicle.

538 (1986); *Taylor v. List*, 880 F.2d 1040 (9th Cir.1989).

On a motion for summary judgment, all reasonable doubt as to the existence of a genuine issue of fact should be resolved against the moving party. *Hector v. Wiens*, 533 F.2d 429, 432 (9th Cir.1976). The inferences drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. *Valandingham v. Bojorquez*, 866 F.2d 1135, 1137 (9th Cir.1989). Where different ultimate inferences may be drawn, summary judgment is inappropriate. *Sankovich v. Life Insurance Co. of North America*, 638 F.2d 136, 140 (9th Cir.1981).

### Discussion

■ There is a dearth of Oregon case law interpreting the statute at issue in this case. The defendant contends essentially that plaintiff's overall lack of cooperation in locating the vehicle provided probable cause to arrest him. I disagree.

The issue here is one of statutory construction. An Oregon court undertaking to interpret this statute would first attempt to discern the intent of the legislature by examining the plain language of the statute. Only if that language failed to provide sufficient insight into the legislative intent would the court then consider the legislative history. *See Mattiza v. Foster*, 311 Or. 1, 4, 803 P.2d 723, 726 (1990).

The express terms of the statute provide that the crime of obstructing governmental or judicial administration is committed when one "intentionally obstructs ... *by means of* 1) intimidation 2) force, 3) physical [interference or obstacle] or 4) economic interference or obstacle." ORS 162.235(1) (emphasis added).

Plaintiff's mere failure to cooperate, when such is unaccompanied by any of the four prohibited means of obstruction, is not a criminal act under the statute.

The defendant's argument in support of the validity of the arrest is essentially bottomed on the faulty premise that because the automobile being sought had economic value, plaintiff's failure to cough it up was "economic interference." This is a contorted reading of the statute. Had Papst offered to donate $100 to the charity of defendant Bay's choice if he would simply forget about the Impala, such would constitute the requisite "means of economic interference or obstacle." But the object of the deputy's pursuit (the Impala) is not necessarily the same as the means by which one intentionally obstructs. Perhaps it could be, e.g., had Pabst threatened to run over the deputy with the Impala, he would be using the vehicle as a means of intimidation; had he battered the deputy's patrol car with it, he would be using the Impala as a means of force and physical interference; or had he offered to let the deputy borrow the car for a month, then he would be using it as a means of economic interference. Clearly, however, a person does not commit the crime of "intentionally obstruct[ing] ..." the "administration of law" by failing to disclose the whereabouts of a vehicle that is the object of a repossession action, or even lying about its whereabouts, simply because the vehicle has economic value.

The deputy had other options. He could have served Papst with the provisional process order, who could thereafter have been summoned to court to show cause why he should not be held in contempt for noncompliance. If upon such a hearing, the Circuit Court judge was convinced that Papst was testifying falsely about his knowledge of the whereabouts of the Impala, he could hold Papst in contempt and/or refer the matter to the District Attorney for perjury charges.

The arrest was an impermissible shortcut under the circumstances herein. ORS

162.235 was not violated by the conduct of plaintiff, and Deputy Bay's conduct violated plaintiff's Fourth Amendment rights because Bay lacked probable cause for arresting plaintiff.

■ Bay is not entitled to qualified immunity. The contours of the right to be free from an arrest without probable cause are sufficiently clear that a reasonable officer would understand that what was being done violated that right. The misreading of the statute in a manner that deleted its express requirement of specific means of obstruction in the probable cause equation was beyond what reasonable officers could have believed was lawful.

### Conclusion

Plaintiff's motion (# 12) for partial summary judgment on Fourth Amendment liability is allowed and defendant's motion (# 22) for summary judgment is denied.