Wendall BUTLER, Plaintiff

v.

**CITY OF EUGENE, OREGON, Kelly Prutch, and Dave Lane, Defendants.**

Civil No. 08–6270–TC.

United States District Court, D. Oregon.

April 14, 2010.

Kevin T. Lafky, Haley E. Percell, Scott B. Howell, Lafky & Lafky, Salem, OR, for Plaintiff.

Benjamin J. Miller, Jens Schmidt, Harrang Long Gary Rudnick P.C., Eugene, OR, for Defendants.

### ORDER

COFFIN, United States Magistrate Judge.

Plaintiff brings this action pursuant to Title VII and 42 U.S.C. § 1981. Plaintiff worked as a custodian for the City of Eugene form 1995 until his termination in 2007. He is African American and alleges that has been discriminated against by his employer on several occasions because of his race, retaliated against because of his complaints, and subjected to a hostile work environment. He also asserts state law claims.

Presently before the court is defendants' motion (# 36) for summary judgment. As discussed in more detail below, the motion is allowed and this action is dismissed.

### Standards for Summary Judgment

Summary judgment is appropriate where "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The initial burden is on the moving party to point out the absence of any genuine issue of material fact. Once the initial burden is satisfied, the burden shifts to the opponent to demonstrate through the production of probative evidence that there remains an issue of fact to be tried. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Rule 56(c) mandates the entry of summary judgment against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof. *Id.* at 323, 106 S.Ct. 2548. There is also no genuine issue of fact if, on the record taken as a whole, a rational trier of fact could not find in favor of the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1355, 89 L.Ed.2d

538 (1986); *Taylor v. List*, 880 F.2d 1040 (9th Cir.1989).

On a motion for summary judgment, all reasonable doubt as to the existence of a genuine issue of fact should be resolved against the moving party. *Hector v. Wiens*, 533 F.2d 429, 432 (9th Cir.1976). The inferences drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. *Valandingham v. Bojorquez*, 866 F.2d 1135, 1137 (9th Cir.1989). Where different ultimate inferences may be drawn, summary judgment is inappropriate. *Sankovich v. Insurance Co. of North America*, 638 F.2d 136, 140 (9th Cir.1981).

### Factual Background

Plaintiff worked as a custodian for the City of Eugene from 1995 until his termination in 2007.

In December of 2004, plaintiff received a written reprimand because he failed to call and inform his employer that he would be late until an hour and twenty minutes into his shift, coded eight hours of work for the day, left the work-site without prior approval and skipped his breaks and lunch without prior approval to do so. Plaintiff had already received a written reprimand in January of 2004 for sleeping on paid work time.

In December of 2006, plaintiff was transferred from the 911 Call Center to the Eugene Public Library in response to complaints from staff at the Call Center that plaintiff was sleeping in the break room and that his personal cell phone use was interfering with the 911 call operators.

In early 2007, plaintiff was investigated for insurance misappropriation. While the City's investigation on the insurance misappropriation was pending, the City received reports that plaintiff had engaged in additional misconduct. The City concluded that plaintiff slept while on duty, damaged City property and failed to report it, provided misleading information during an internal investigation regarding the property damage, used paid work time to conduct personal business and then sought out and confronted the employee who reported him. Plaintiff denied in a general and conclusory manner the validity of these allegations in his response to defendants' concise statement of material fact, but offered little in the way of specifics with regards to the particular allegations in the response to defendants' concise statement of facts and in plaintiff's memorandum in opposition to defendants' motion for summary judgment. Plaintiff did note in his response to defendants' concise statement that on February 11, 2007, plaintiff accidentally damaged a bookshelf in the library, forgot to include the damage in his report, and when questioned about it several days later, he admitted the damage and explained that he simply forgot to report it.

As to plaintiff's insurance, defendants state that both plaintiff and his wife were initially covered on plaintiff's insurance with the City. In April of 2006, plaintiff divorced his wife, but did not inform the City of the divorce until August of 2006 when his ex-wife filed a restraining order against him. His divorce was a qualifying event which would have terminated insurance coverage for his ex-wife in April. Between April and August plaintiff's ex-wife had a number of medical procedures which were covered by the City's insurance. After the City retroactively dropped plaintiff's ex-wife's coverage she contacted the City and said that plaintiff had told her he would keep her on the City's insurance after the divorce until she could find a job with insurance and that she should keep it a secret. The City began an investigation into whether plaintiff had intentionally delayed telling the City about his divorce in order to allow his ex-wife to secure benefits to which she was not entitled. The City concluded plaintiff had intentionally delayed informing the City of his divorce

and that during the investigation he provided misleading information. P.p.1–2 of Defendants' Concise Statement of Material Facts (# 38). Plaintiff denied in a general and conclusory manner the validity of these statements in his response to defendants' concise statement of material fact, but offered little in the way of specifics with regards to the particular statements in his response to defendants' concise statement and in plaintiff's memorandum in opposition to defendants' motion for summary judgment. Plaintiff simply stated that he agreed that the City concluded that he was misappropriating insurance benefits, denied that he actually misappropriated benefits and denied the remaining statements made by defendant in this paragraph. P. 1 of Plaintiff's Response to Defendants' Concise Statement.

Plaintiff was terminated on May 17, 2007 for misappropriating insurance benefits, sleeping on paid work time, damaging City property and failing to report it, and filing misleading information during internal investigations.

### Discussion

### I. Race Discrimination Claim

Plaintiff contends that he received differential treatment because of his race.

■ In order to establish a prima facie case of disparate treatment discrimination, plaintiff must offer evidence that gives rise to an inference of unlawful discrimination. *Godwin v. Hunt Wesson, Inc.*, 150 F.3d 1217 (9th Cir.1998)(quotations and citations omitted). The requisite degree of proof necessary to establish a prima facie case for Title VII and § 1981 on summary judgment is minimal and does not even need to rise to the level of a preponderance of the evidence. *Id.* A plaintiff must establish the following elements for a prima facie case: 1)he is a member of a protected class; 2)he was performing his job satisfactorily; 3)he was subjected to an adverse employment action; and 4)he was treated differently than others outside the protected class. *Cleese v. Hewlett–Packard Company*, 911 F.Supp. 1312, 1317 (D.Or.1995); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).

■ To prevail on a claim of disparate treatment in violation of Title VII, plaintiff must prove by a preponderance of the evidence that his race or color was the sole reason or a motivating factor for an adverse employment action. *Costa v. Desert Palace, Inc.*, 299 F.3d 838, 847–48 (9th Cir.2002).[1] An individual suffers disparate treatment when he is treated less favorably than others similarly situated on account of race or color. *McGinest v. GTE Service Corp.*, 360 F.3d 1103, 1121 (9th Cir.2004); *see also Moran v. Selig*, 447 F.3d 748, 753 (9th Cir.2006) (plaintiff must demonstrate that similarly situated employees not in his protected class received more favorable treatment). On summary judgment, a plaintiff alleging a Title VII claim may proceed under the framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04, 93 S.Ct. 1817, 36 L.Ed.2d 668(1973), or may simply produce sufficient evidence for the jury to determine by a preponderance of the evidence that a discriminatory reason motivated the employer. *McGinest*, 360 F.3d at 1122, n. 16. Under the *McDonnell Douglas* framework, if a plaintiff makes out a prima facie case, defendant must then articulate a legitimate reason for the action taken. Once a reason is articulated, plaintiff must ultimately show that the reason is pretextual, i.e., that the reason is not the real reason and, ultimately, that the real determining reason for the adverse action is discrimination. "When the

---

1. Similar analysis applies under § 1981 and Title VII. *See Fonseca v. Sysco Food Services of Arizona, Inc.*, 374 F.3d 840, 850 (9th Cir. 2004).

plaintiff offers direct evidence of discriminatory motive, a triable issue as to the actual motivation of the employer is created even if the evidence is not substantial.... Direct evidence is evidence which, if believed, proves the fact of discriminatory animus without inference or presumption." *Godwin v. Hunt Wesson, Inc.*, 150 F.3d 1217, 1221(9th Cir.1998) (quotations and citations omitted). In those cases where direct evidence is unavailable, however, the plaintiff may come forward with circumstantial evidence that tends to show that the employer's proffered motives were not the actual motives because they are inconsistent or otherwise not believable. Such evidence of "pretense" must be "specific" and "substantial" in order to create a triable issue with respect to whether the employer intended to discriminate on an improper basis. *Id.* To satisfy his burden, and survive summary judgment, plaintiff must produce enough evidence to allow a reasonable fact finder to conclude either (a) that the alleged reasons for the adverse employment decisions were false, or (b) that the true reasons for the adverse employment decisions were discriminatory ones. *Nidds v. Schindler Elevator Corporation*, 113 F.3d 912, 918 (9th Cir.1997).[2]

Plaintiff's disparate treatment claims under Title VII and § 1981 are similar and the underlying allegations are the same. The limitations period for § 1981 claims is more generous than the limitations period for Title VII claims and, as such, this court will apply the § 1981 limitations period for the purpose of analyzing defendants' motion. Defendants state and plaintiff has not disputed that the applicable statute of limitations cut-off for plaintiff's § 1981 claims is August 26, 2004. Although plaintiff contends that a continuing violations theory is available for his disparate treatment, retaliation and hostile environment claims, the United States Supreme Court has rejected the "continuing violations" doctrine for disparate treatment and retaliation claims and has only allowed it for hostile environment claims. *See National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101, 110, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002). Any of plaintiff's allegations of disparate treatment (and retaliation) prior to August 26, 2004 are barred as claims.[3]

Plaintiff's counsel stated at oral argument that the allegations of disparate treatment that occurred after August 26, 2004 are: changes in plaintiff's work schedule in 2005; a transfer of plaintiff to the library in 2006; a denial of a request for outside employment in 2007; and the termination of plaintiff's employment in 2007.[4] As discussed in more detail below,

---

**2.** When an employer produces a legitimate nondiscriminatory reason for an adverse action against a plaintiff who is a member of a protected class, the choice of the two approaches listed above has little significance. *McGinest*, 360 F.3d at 1123. Under either approach, the plaintiff must produce sufficient evidence for a reasonable juror to find, despite the defendant's evidence, that the defendant intended to discriminate against the plaintiff. *Id.*

**3.** This Court has also reviewed plaintiff's allegations outside the limitations period in considering, among other things, racial animus. For example, plaintiff states in his declaration that once he was adjusting the height of his chair in a meeting with his supervisor Kelly

Prutch and Prutch said "what are you doing, King Kong?" Plaintiff stated in his declaration that King Kong is a big black gorilla and he was extremely offended by this reference. This allegation is well outside the statute of limitations, Howell Declaration(# 48), Exh. 3, there is no indication that this type of allegation was frequent, Prutch was not the decision maker in many of the alleged adverse actions and there is no indication she influenced the decisionmakers. As discussed above, all things considered, it not appropriate for any of plaintiff's claims to go to a jury.

**4.** These are the acts plaintiff's counsel asserted he was relying on for his § 1981 claim when he was asked by the court at oral argu-

these allegations, with all things considered, do not amount to claims that can go to a jury.

*Changes in Work Schedule*

■ Plaintiff's work schedules were changed by his supervisor Kelly Prutch in 2005. Prutch filed a declaration stating that the changes were a result of either his requests, the operational needs of defendants or the transfer to the library(such transfer is discussed below.) Prutch also stated that the schedule changes were not motivated by plaintiff's race or complaints of race discrimination and that the work schedules of other lead custodians' were changed as well.

In response, Plaintiff merely states in a general fashion that Prutch changed his schedule several times in an effort to have him lose his second job. P. 3 of Butler Declaration. Plaintiff does not address the legitimate reasons defendants articulated for the changes in schedule or how he knows Prutch's motivation or that other custodians' schedules were also changed.

Plaintiff has not established with the minimal proof necessary that he was treated differently than others outside his protected class, and, as to the schedule change arising from the library transfer, that he was performing his job satisfactorily. As such, he has failed to state a prima facie case and his claim fails.

Even if plaintiff made out a prima facie case, defendant has articulated legitimate reasons for the actions taken and plaintiff has not adequately shown with direct evi-

dence or specific and substantial circumstantial evidence that defendant's reasons are pretextual. *See Godwin, supra,* 150 F.3d at 1221. Plaintiff has not produced enough evidence to allow a reasonable fact finder to conclude either (a) that the alleged reasons for the adverse employment decisions were false, or (b) that the true reasons for the adverse employment decisions were discriminatory ones. As such, plaintiff has not satisfied his burden, and cannot survive summary judgment. *Nidds v. Schindler Elevator Corporation,* 113 F.3d 912, 918 (9th Cir.1997).

*Library Transfer*

■ Defendants state that plaintiff was transferred from the 911 Call Center to the library in 2006 in response to complaints from staff at the Center that plaintiff was sleeping in the break room and his personal cell phone use was interfering with 911 operators. Paragraph 4 of Sutton Declaration; Paragraph 5 and 6 of Prutch Declaration.

Plaintiff's response to defendants' concise statement of material facts accepted that "these were the witnesses' statements" and did not deny or attempt to supplement the facts. Plaintiff's counsel did not address the matter in his opposition brief or at oral argument. Plaintiff has not established with the minimal proof necessary that he was treated differently than others outside his protected class, and that he was performing his job satisfactorily. As such, he has failed to state a prima facie case and his claim fails.

ment. This court has considered all applicable acts, e.g., plaintiff's written reprimand for being late in December of 2004, and found even if plaintiff made out a prima facie case, defendant has articulated legitimate reasons for the actions taken and plaintiff has not adequately shown with direct evidence or specific and substantial circumstantial evidence that defendant's reasons are pretextual. *See Godwin, supra,* 150 F.3d at 1221. Plaintiff

has not produced enough evidence to allow a reasonable fact finder to conclude either (a) that the alleged reasons for the adverse employment decisions were false, or (b) that the true reasons for the adverse employment decisions were discriminatory ones. As such, plaintiff has not satisfied his burden, and cannot survive summary judgment. *Nidds v. Schindler Elevator Corporation,* 113 F.3d 912, 918 (9th Cir.1997).

Even if plaintiff made out a prima facie case, defendant has articulated legitimate reasons for the actions taken and plaintiff has not adequately shown with direct evidence or specific and substantial circumstantial evidence that defendant's reasons are pretextual. *See Godwin, supra,* 150 F.3d at 1221. Plaintiff has not produced enough evidence to allow a reasonable fact finder to conclude either' (a) that the alleged reasons for the adverse employment decision were false, or (b) that the true reasons for the adverse employment decision were discriminatory ones. As such, plaintiff has not satisfied his burden, and cannot survive summary judgment. *Nidds v. Schindler Elevator Corporation,* 113 F.3d 912, 918 (9th Cir.1997).

*Denial of Request for Outside Employment*

■ In addition to his employment with the City, plaintiff was employed by Lane Community College for eight years. The City had consented to the arrangement. Plaintiff was laid off from the Community College in June of 2006. He was recalled by the College in November of 2006. The City required plaintiff to fill out an outside employment form which he submitted in December of 2006. Plaintiff's request for outside employment was denied in January of 2007. Facility Operations/Maintenance Manager Ron Sutton denied plaintiff's request to hold a full-time job at Lane Community College in addition to his full-time job for the City.

Defendants asserted that plaintiff had no evidence that similarly situated individuals were treated more favorably than plaintiff. In response, plaintiff identified David Sheets, David Smith, Andy Rising and Mike Taylor as similarly situated employees who were treated differently than him when he was denied outside employment. However, plaintiff did not explain how these individuals were similarly situated. As noted by defendants in their Re-

ply, plaintiff did not explain, for example, any of the following: whether the individuals named submitted requests for outside employment; whether they were full or part-time; whether they were requesting to work 16 hour shifts like plaintiff; if the City approved those requests; if the City even knew of their second jobs; who at the City approved any request; and whether those employees were being investigated for reports of sleeping on the job at the time they made their requests. He simply stated they "worked second jobs." Paragraph 10 of Butler Declaration. Defendants also noted in their Reply that Mike Taylor was the only individual that plaintiff identified as working full-time in his deposition, and that the City demonstrated that Taylor was not a City employee, did not submit an outside employment request, and the City did not know of or approve any outside employment. Paragraph 7 of Sutton Declaration, Paragraph 11 of Prutch Declaration. Although this Court asked plaintiff's counsel several specific questions regarding these matters at oral argument, the responses did not bear fruit for plaintiff. This Court also specifically asked if plaintiff disputed if Sutton received complaints of plaintiff sleeping on the job or if there was a dispute in the record regarding plaintiff sleeping on the job, but, like before, the responses were not adequate to create a genuine issue of fact.

Plaintiff was offered the opportunity at oral argument to supplement the record with evidence regarding the denial of plaintiff's request for outside employment. Plaintiff was warned that another affidavit that simply stated he believed that outside employment was allowed for Caucasians would not be helpful, but that specifics regarding the matter were required, and, further, that plaintiff should indicate if the other employees were from his same department. Plaintiff submitted a supple-

mental declaration simply stating that several Caucasian employees worked second jobs and that those employees included Sheets, Smith, Rising and Taylor and that they all worked in the same department as he did.[5]

While the burden is on the party seeking summary judgment to show that there are no genuine issues of fact, the party opposing summary judgment "may not rest upon the mere allegations ... of the ... party's pleading, but the ... response ... must set forth specific facts showing that there is a genuine issue for trial. If the ... party does not so respond, summary judgment, if appropriate, shall be entered against the ... party." Fed.R.Civ.P. 56(e).

Plaintiff's latest submissions are vague, conclusory and without foundation. Fed. R.Civ.P. 56(e) states that affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. An affidavit will not defeat summary judgment if it contains no more than conjecture, conclusory allegations as to ultimate facts, or a scintilla of evidence insufficient to support a jury verdict. *See, e.g., Mack v. Great Atl. & Pac. Tea Co.,* 871 F.2d 179, 181 (1st Cir. 1989); *Thornhill Publishing Co., Inc. v. Telephone & Elec. Corp.,* 594 F.2d 730, 738 (9th Cir.1979); *Taylor v. List,* 880 F.2d 1040, 1045 (9th Cir.1989); *Perez de la Cruz v. Crowley Towing & Transportation Co.,* 807 F.2d 1084, 1086 (1st Cir.1986), *cert. denied,* 481 U.S. 1050, 107 S.Ct. 2182, 95 L.Ed.2d 838 (1987).

Plaintiff's affidavit does not set forth specific facts showing that there is a genuine issue for trial. The affidavit is vague, conclusory and without foundation and does nothing to overcome defendant's motion for summary judgment.

Plaintiff has not established with the minimal proof necessary that he was treated differently than others outside his protected class, and that he was performing his job satisfactorily. As such, he has failed to state a prima facie case and his claim fails.

Even if plaintiff made out a prima facie case, defendant has articulated legitimate reasons for the actions taken and plaintiff has not adequately shown with direct evidence or specific and substantial circumstantial evidence that defendant's reasons are pretextual. *See Godwin, supra,* 150 F.3d at 1221. Plaintiff has not produced enough evidence to allow a reasonable fact finder to conclude either (a) that the alleged reasons for the adverse employment decision were false, or (b) that the true reasons for the adverse employment decision were discriminatory ones. As such, plaintiff has not satisfied his burden, and cannot survive summary judgment. *Nidds v. Schindler Elevator Corporation,* 113 F.3d 912, 918 (9th Cir.1997).

*Termination*

As previously noted, defendants articulated several legitimate reasons for plaintiff's termination and plaintiff has not adequately shown with direct evidence or specific and substantial circumstantial evidence that defendant's reasons are pretextual. *See Godwin, supra,* 150 F.3d at 1221. Plaintiff has not produced enough evidence to allow a reasonable fact finder to conclude either (a) that the alleged reasons for the adverse employment decision were false, or (b) that the true reasons for the adverse employment decision were discriminatory ones. As such, plaintiff

---

**5.** Plaintiff also offered a copy of the City's policy on outside employment. Such actually supports defendants' position as it states that in order to be approved for outside employment the outside employment must not detract from the efficiency of the employee in his work, and that permission to hold outside employment may be revoked at any time.

has not satisfied his burden, and cannot survive summary judgment. *Nidds v. Schindler Elevator Corporation,* 113 F.3d 912, 918 (9th Cir.1997).

## II. *Retaliation Claim*

Plaintiff contends that he was retaliated against because of his complaints regarding race discrimination. Title VII declares:

It shall be an unlawful employment practice for an employer to discriminate against any of his employees ... because [the employee] has opposed any practice made an unlawful employment practice by this [title], or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding or hearing under this [title].

42 U.S.C § 2000e–3(a).

 In order to establish a prima facie case of retaliation, plaintiff must show that he engaged in protected activity, that he was thereafter subjected by his employer to an adverse employment action, and that a causal link exists between the two. *Cohen v. Fred Meyer, Inc.,* 686 F.2d 793, 796 (9th Cir.1982); *Jordan v. Clark,* 847 F.2d 1368, 1376 (9th Cir.1988).

Defendants asserted in their motion that many of plaintiff's grievances did not mention race or color. Defendants also asserted in their motion that there is no causal link between a protected activity and an adverse employment action. Plaintiff did not address defendants' contentions in his opposition.

Plaintiff's retaliation claims fail because plaintiff has failed to establish a prima facie claim of retaliation, and even if he did, plaintiff has not adequately shown that defendants' legitimate reasons for their employment actions were pretextual. Plaintiff offers no direct evidence of an improper retaliatory motive and has not come forward with specific and substantial circumstantial evidence of pretense that tends to show that defendant's proffered motives were not the actual motives because they are inconsistent or otherwise not believable. *See Godwin, supra,* 150 F.3d at 1221.

Plaintiff has not produced enough evidence to allow a reasonable fact finder to conclude either (a) that the alleged reasons for the adverse employment decisions were false, or (b) that the true reasons for the adverse employment decisions were improper ones. As such, plaintiff has not satisfied his burden, and cannot survive summary judgment. *Nidds v. Schindler Elevator Corporation,* 113 F.3d 912, 918 (9th Cir.1997).

## III. *Hostile Work Environment Claim*

Plaintiff contends that he was subjected to a hostile work environment.

The Ninth Circuit Court of Appeals has addressed hostile work environments and concluded that conduct which unreasonably interferes with work performance can alter a condition of employment and create an abusive work environment. The court reasoned:

The Supreme Court in Merit *or [Meritor Savings Bank v. Vinson,* 477 U.S. 57, 65, 106 S.Ct. 2399, 2404–05, 91 L.Ed.2d 49 (1986) ] explained that courts may properly look to guidelines issued by the Equal Employment Opportunity Commission (EEOC) for guidance when examining hostile environment claims of sexual harassment. The EEOC guidelines describe hostile environment harassment as ' conduct [which] has the purpose or effect of unreasonably interfering with an individual's work performance or creating an intimidating, hostile, or offensive working environment. The EEOC, in accord with a substantial body of judicial decisions, has concluded that 'Title VII affords

employees the right to work in an environment free from discriminatory intimidation, ridicule, and insult.'

The Supreme Court cautioned, however, that not all harassment affects a "term, condition, or privilege" of employment within the meaning of Title VII. For example, the 'mere utterance of an ethnic or racial epithet which engenders offensive feelings in an employee' is not, by itself, actionable under Title VII. To state a claim under Title VII, sexual harassment 'must be sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'

*Ellison v. Brady,* 924 F.2d 872, 876 (9th Cir.1991) (citations omitted).

In *Harris v. Forklift Systems, Inc.,* 510 U.S. 17, 114 S.Ct. 367, 371, 126 L.Ed.2d 295 (1993), the Supreme Court stated:

> [W]hether an environment is 'hostile' or 'abusive' can only be determined by looking at all the circumstances. These may include the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.

This District has held that "more than a few isolated incidents of harassment must have occurred. Racial comments that are merely part of casual conversation ... are accidental, or sporadic do not trigger Title VII protections." *Haskins v. Owens-Corning,* 811 F.Supp. 534, 536 (D.Or.1992); *accord Snell v. Suffolk County,* 782 F.2d 1094, 1103 (2nd Cir.1986).

This court agrees with defendants' analysis and conclusion that plaintiff's hostile environment allegations are not actionable as they are largely time-barred and do not constitute a continuing violation. More-over, they do not have the required severity or frequency to be actionable, *See Ellison; Harris; Haskins,* and the denial of outside employment and the investigation leading to plaintiff's termination do not amount to a actionable hostile work environment in the circumstances of this action.

## IV. *State Claims*

Plaintiff's discrimination claim under ORS 659A.030 and common law wrongful discharge claim fail for the reasons stated above and for the reasons stated at p. 9–10 and p. 12–13 of defendants' Reply.

Plaintiff's claim for intentional infliction of emotional distress is largely time barred and plaintiff has not adequately established for the purposes of this motion that an extraordinary transgression of socially tolerable behavior occurred. Plaintiff's claim for reckless infliction of emotional distress fails for the same reasons.

All of plaintiff's other arguments in opposition to defendants' motion for summary judgment have been considered and found unpersuasive.

### *Conclusion*

Defendant's motion (# 36) for summary judgment is allowed and this action is dismissed.