**COMBINED INSURANCE COMPANY OF AMERICA, an Illinois corporation, Plaintiff,**

**v.**

**Thomas W. HANSEN, an individual, Defendant.**

**Civ. No. 89–491–FR.**

United States District Court, D. Oregon.

Feb. 6, 1991.

Chrys A. Martin, Robert J. Schnack, Bullivant, Houser, Bailey, Pendergrass & Hoffman, Portland, Or., for plaintiff.

David N. Goulder, Copeland, Landye, Bennett and Wolf, Portland, Or., for defendant.

## OPINION

FRYE, District Judge:

The matter before the court is defendant's motion for summary judgment or, in the alternative, for partial summary judgment (# 53).

## BACKGROUND

This is a breach of contract action brought by the plaintiff, Combined Insurance Company of America (Combined Insurance), against the defendant, Thomas W. Hansen, a former employee. Combined Insurance contends that Hansen has forfeited his right to retain and to receive certain sums of money representing separation pay, equity payments, and renewal commissions on the grounds that Hansen has solicited the employees of Combined Insurance in violation of his agreements with Combined Insurance.

## UNDISPUTED FACTS

Hansen is a citizen of the State of Oregon who resides in the City of Beaverton. Combined Insurance is an Illinois corporation which maintains an office in the City of Portland. Hansen was employed by Combined Insurance from 1958 until January 31, 1988. During his tenure, Combined Insurance and Hansen entered into three agreements: 1) the "Equity Agreement;" 2) the "Combined Standard Sales Executive Employment Contract" and the "Vested Renewal Amendment" thereto (the Employment Contract); and 3) the termination or separation agreement (the Termination Agreement).

Combined Insurance and Hansen entered into the Equity Agreement on April 3, 1983, consolidating the obligations of Combined Insurance to pay, and the entitlements of Hansen to receive, renewal commissions on insurance policies sold by Hansen. Under the terms of the Equity Agreement of April 3, 1983, Hansen was to receive $46,596 to be paid in forty-eight equal monthly installments: 1) if Hansen did not terminate his employment with Combined Insurance until February 28, 1999; or 2) if Combined Insurance terminated Hansen's employment before February 28, 1999 and if Hansen had complied with all of his obligations under the Employment Contract, one of which was not to induce or attempt to induce sales agents and employees of Combined Insurance to leave their employment with Combined Insurance and to go to work for another insurance company for a period of two years following his termination.

The Employment Contract was signed by Hansen on December 30, 1985, at the time Hansen was promoted to the position of Western Divisional Manager. The Employment Contract establishes the terms and

conditions of Hansen's employment with Combined Insurance as the Western Divisional Manager. Paragraph (7) of the Employment Contract, entitled "RESTRICTIVE COVENANTS," is a post-termination, non-competition provision. Paragraph (7)(c) provides:

> The Manager covenants and agrees that during his employment with the Company and after termination of his employment with the Company he will not, by himself or in combination with others, in any way directly or indirectly (1) for a period of two years after termination of his employment with the Company induce or attempt to induce, or cause, encourage or assist anyone else to induce or attempt to induce, any sales agent of any kind, any employee, any officer, or any director of the Company to terminate his relationship with the Company or to sell for or become employed by any other insurance company or insurance agency, or (2) induce or attempt to induce to sell for or become employed by any insurance company or any insurance agency, any person who was associated with the Company as a sales agent of any kind, an employee, an officer or director at any time within two years immediately following that person's termination of employment with the Company.

Exhibit E to Defendant's Statement of Material Facts, p. 3.

The Employment Contract entitles Hansen to continue to receive renewal commissions following the termination of his employment with Combined Insurance, subject to certain conditions, including compliance with the restrictive covenants in the Employment Contract.

Hansen served as the Western Divisional Manager of Combined Insurance from January, 1986 until November, 1987. The sales territory for the Western Division of Combined Insurance includes the States of Arizona, California, Idaho, Montana, Nevada, Oregon, Utah, Washington and Wyoming. In November, 1987, Combined Insurance removed Hansen as the Western Divisional Manager and offered him a management position in another region of the United States. Although Hansen refused this offer, Hansen remained on the payroll of Combined Insurance until January 31, 1988.

Shortly after February 24, 1988, Hansen signed a Termination Agreement with Combined Insurance, which provides the terms and conditions of the termination of his employment. In the Termination Agreement, Hansen and Combined Insurance agreed that "[e]ffective as of January 31, 1988, the employment of Hansen by Combined is hereby declared terminated and of no further force or effect." Exhibit F to Defendant's Statement of Material Facts, p. 1.

Combined Insurance agreed in paragraph 2 of the Termination Agreement to pay Hansen two separation payments of $22,000 each and in paragraph 5 of the Termination Agreement to pay Hansen forty-eight monthly payments of $970.75 each, the amount anticipated by the Equity Agreement, even though payment under the Equity Agreement had been contingent upon Hansen's retirement from or termination by Combined Insurance.

In return, Hansen gave Combined Insurance a general release from all past and present claims and agreed that the duty of Combined Insurance to make the forty-eight monthly payments under the Equity Agreement and to make the two payments of $22,000 under the Termination Agreement were conditioned upon Hansen's compliance with the restrictive covenant in the Employment Contract. The Termination Agreement provides:

> The restrictive covenants as set forth in paragraph (7) of Exhibit "A" [the Employment Contract], along with all other provisions of Exhibit "A" which, by their terms, survive termination of that contract, remain binding on Hansen. Any violation of those covenants, in addition to all other remedies provided in that contract, will result in a forfeiture of any amounts payable under paragraphs 2 and 5 [of the Termination Agreement].

Exhibit F to Defendant's Statement of Material Facts, p. 2.

The Termination Agreement also provides that its terms and conditions will be governed by and construed in accordance with the laws of the State of Illinois.

On February 22, 1988, Hansen began working for Capitol American Life Insurance Company (Capitol Insurance) as a consultant. On June 13, 1988, Hansen became the Divisional Marketing Manager for Capitol Insurance for the States of Washington, Oregon, California, New Mexico, Arizona, Colorado, Idaho, Utah and for portions of other states.

On May 26, 1988, Combined Insurance notified Hansen that it had received information that Hansen may have violated the restrictive covenants in the Termination Agreement, the Employment Contract, the Vested Renewal Amendment, and the Equity Agreement. In this letter, Combined Insurance warned Hansen that if Combined Insurance received further information that Hansen had violated the restrictive covenants of these agreements, Combined Insurance would stop payments under these agreements and take other appropriate actions.

In his affidavit, Thomas M. Sullivan, assistant vice president of Combined Insurance, states that Combined Insurance has evidence that Hansen successfully induced and/or attempted to induce, either alone or in conjunction with others, Combined Insurance employees, Charles and Sharon Schmitz, to terminate their employment as sales agents with Combined Insurance and to begin employment as sales agents with Capitol Insurance about November 5, 1988. Sullivan further states that Combined Insurance also has evidence that a large portion of the sales that the Schmitzs made for Capitol Insurance were sales made to former clients of Combined Insurance.

In his affidavit, Sullivan also states that Combined Insurance has obtained copies of the expense reports submitted by Hansen to Capitol Insurance during Hansen's employment with Capitol Insurance. In those expense reports, Hansen uses the terms "hire" or "hiring" to describe the nature and purpose of his contacts with fourteen persons who were employed by Combined Insurance at the time that Hansen contacted them, and that ten of those fourteen persons have subsequently terminated their employment with Combined Insurance to accept positions with Capitol Insurance.

In May, 1989, Combined Insurance ceased making payments to Hansen under their agreements and initiated this action, alleging that Hansen had breached the restrictive covenants of the Employment Contract and the Termination Agreement by soliciting employees of Combined Insurance. As of May, 1989, Combined Insurance had paid Hansen $44,000 in separation pay; $13,590.50 in monthly payments under the Equity Agreement; and $1,320.15 in renewal commissions under the Vested Renewal Amendment.

Combined Insurance filed this action alleging that Hansen has violated paragraph (7)(c)(2) of the provisions of the Employment Contract. Combined Insurance seeks a declaration that Hansen has forfeited payment of any future sums owed by Combined Insurance to him under the terms and conditions of the contracts, and damages in the amount of the sums of money already paid to Hansen under the Termination Agreement.

Hansen has filed a counterclaim alleging that Combined Insurance has breached the Termination Agreement by failing to pay him, since May 1, 1989, the vested renewal commissions and the equity payments to which he is entitled under the various agreements.

## CONTENTIONS OF THE PARTIES

Hansen first contends that the covenant in the Employment Contract that forbids him to solicit the employees of Combined Insurance is void and unenforceable because it is too broad in describing the activity that is forbidden and is unreasonable as to time and geography.

Hansen also contends that the forfeiture clause in the Termination Agreement is not a forfeiture clause, but an unenforceable penalty clause, and therefore the liquidated damages clause in the Termination Agreement is unenforceable. Hansen argues

that the forfeiture clause in the Termination Agreement was intended to secure his compliance with the terms of the Employment Contract, and does not attempt to estimate the amount of damages that Combined Insurance would have suffered if the court finds that he violated the terms of the Employment Contract.

Alternatively, Hansen argues that the terms of the various contracts do not call for a repayment of monies already paid to him at the time of the breach or breaches, but only the forfeiture of monies to be paid.

Combined Insurance argues that, irrespective of the validity of the covenants in the Employment Contract that forbid Hansen from soliciting the employees of Combined Insurance, Hansen has violated the covenants against solicitation in the Termination Agreement, the Equity Agreement, and the Vested Renewal Amendment, and thus he has forfeited his right to retain and to receive payments under those agreements. Combined Insurance argues that the non-solicitation provisions of the Termination Agreement, the Equity Agreement, and the Vested Renewal Amendment do not restrict Hansen's liberty to contract with or to work for another insurance company, but only condition the entitlement of Hansen to separation pay, equity payments, and renewal commissions upon Hansen's promise not to induce any employee of Combined Insurance to terminate his or her position with Combined Insurance for a period of two years. Combined Insurance contends that because the Employment Contract provides Hansen with a true option regarding his entitlement to payments under the agreements, the forfeiture provisions are not void as penalty provisions.

## APPLICABLE LAW

Summary judgment is appropriate where "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R. Civ.P. 56(c). The initial burden is on the moving party to point out the absence of any genuine issue of material fact. Once the initial burden is satisfied, the burden shifts to the opponent to demonstrate through the production of probative evidence that there remains an issue of fact to be tried. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). On a motion for summary judgment, all reasonable doubt as to the existence of a genuine issue of fact should be resolved against the moving party. *Hector v. Wiens*, 533 F.2d 429, 432 (9th Cir.1976).

## ANALYSIS AND RULING

■ The restrictive covenant in paragraph (7)(c) of the Employment Contract is reasonable in describing the activity that is forbidden and is reasonable as to time and geography. The only issue is whether Combined Insurance can enforce the provision in the Termination Agreement in which Hansen agreed to forfeit the money Combined Insurance had agreed to pay him under the Termination Agreement. For the purposes of summary judgment, Hansen concedes that he did not fulfill his obligations under the Employment Contract and the Termination Agreement.

The Termination Agreement provides that the separation payments and the amounts payable under the Equity Agreement are conditioned upon the agreement of Hansen not to solicit employees of Combined Insurance for the two-year period as provided in paragraph (7)(c)(2) of the Employment Contract. Hansen argues, however, that his promise not to solicit employees of Combined Insurance for the two-year period as provided in paragraph (7)(c)(2) of the Employment Contract is an unenforceable restrictive covenant, and the forfeiture clause in the Termination Agreement is an unenforceable penalty. As a consequence, Hansen contends that despite the terms of the Termination Agreement, and despite the monies that he received under the Termination Agreement, he was free to breach the non-solicitation portion of the Termination Agreement without consequence.

Hansen relies upon *Callahan v. L.G. Balfour*, 179 Ill.App.3d 372, 128 Ill.Dec. 383, 534 N.E.2d 565 (Ill.App.), *cert. denied,*

126 Ill.2d 557, 133 Ill.Dec. 666, 541 N.E.2d 1104 (1989), and *Johnson v. Country Life Ins. Co.*, 12 Ill.App.3d 158, 300 N.E.2d 11 (1973), in support of his position that the restrictive covenant incorporated into the Termination Agreement is subject to the same legal requirements as any restrictive covenant in any employment agreement. Both *Callahan* and *Johnson* involve restrictive covenants in employment contracts. In *Johnson*, the plaintiff agreed in an employment contract to forfeit renewal commissions if he thereafter represented another life insurance company. The defendant argued that the forfeiture provision did not obligate the plaintiff to desist from earning a livelihood but limited his financial rewards if he did so. The *Johnson* court explained:

> [T]he terminated employee cannot be restrained, i.e., enjoined, from pursuing his occupation nor is he obligated to refrain from so doing, but this is only half the problem. If he does elect to engage in his occupation what consequences follow as a result of the contractual provision? *He forfeits his right to commissions which he would have received but for the contractual terms, and this after he has performed all of the services required of him during his relationship with the defendant.* Commissions on renewal premiums is a method by which defendant agreed to compensate plaintiff for the services he rendered, and to say that the prospective loss of those commissions does not operate to significantly restrict his right to engage in the pursuit of his occupation following termination of his relationship with the company, and by the same token reduce, if not eliminate competition is, in our view, to divorce the practical application and consequences of the covenant from the hard facts of economic reality.

300 N.E.2d at 15 (emphasis added).

■ The reasoning of the *Johnson* court does not apply to this case because Hansen has not forfeited his right to commissions or to payments that he would have received, after he performed all of the services required of him during his relationship with Combined Insurance, but for the terms of the Termination Agreement. Unlike any of the cases relied upon by Hansen, this case involves a termination agreement separately negotiated by the parties after the termination of Hansen's employment in which Combined Insurance paid Hansen *additional* monies for Hansen's promise to Combined Insurance to continue to abide by the prior promises he had made to Combined Insurance not to compete.

In summary, the Termination Agreement was entered into after Hansen had terminated his employment with Combined Insurance and after Hansen had begun working for Capitol Insurance. Hansen was offered these additional benefits in return for his promise not to solicit the employees of Combined Insurance for a period of two years. Hansen was able to weigh the value of the additional benefits against the detriment of not being able to solicit the employees of Combined Insurance for a period of two years. Hansen was free to accept or to reject this offer. The attempt of Combined Insurance in this breach of contract action to force Hansen to return to Combined Insurance the payments made to him under the Termination Agreement does not constitute the forfeiture of payments that Hansen was otherwise entitled to receive but for his breach of the restrictive covenant. *See Schlumberger Technology Corp. v. Blaker*, 859 F.2d 512 (7th Cir. 1988).

■ The court concludes that the provision in the Termination Agreement that provides that Hansen would forfeit "any amounts payable under paragraphs 2 and 5" of the Termination Agreement does not limit Combined Insurance's damages to those amounts left to be paid. This provision is reasonably understood to mean any sums that Hansen is obligated to pay to Combined Insurance under the terms of the Termination Agreement.

In this case, Combined Insurance agreed to pay Hansen certain benefits in return for his agreement not to solicit its employees for a period of two years. If Hansen disregarded this agreement and solicited the employees of Combined Insurance, it is

reasonable for Combined Insurance to attempt to recover the amounts it would not have been required to pay to Hansen and would not have agreed to pay to Hansen but for his promise which was thereafter concededly broken by Hansen.

■ Finally, the court must determine whether Hansen has forfeited his right to renewal commissions under the following provision in paragraph (8) of the Employment Contract: "commission payments . . . of any kind payable by [Combined Insurance] to [Hansen] for any reason are hereby expressly subject to the condition that [Hansen] not engage in any activities referred to in Paragraphs (7)(a), (7)(b) and (7)(c) at any time during which said payments are payable to [Hansen]." Exhibit F to Defendant's Statement of Material Facts, p. 3. Under this provision of the Employment Contract, Hansen forfeits his right to commissions which he would have received but for the restrictive covenants after he has performed all of the services required of him during his relationship with Combined Insurance. This provision is not reasonably limited in time and is not enforceable under the court's reasoning in the *Johnson* case.

## CONCLUSION

Hansen's motion for summary judgment (# 53) is denied. Hansen's alternative motion for partial summary judgment is granted as to Combined Insurance's claim for certain renewal premiums and is otherwise denied.