STATE OF MAINE                                         SUPERIOR COURT
ANDROSCOGGIN, ss                                       Civil Action
                                                       Docket No. CV-08-342,
                                                       *TED* - AND-2/10/2010

GEIGER BROS.,

             Plaintiff

v.                                                     **ORDER ON MOTION**
                                                       **SUMMARY JUDGMENT**

ANITA CONRADSON,

             Defendant

## I. BEFORE THE COURT

Before the court is plaintiff's motion for partial summary judgment on count II

of the complaint ("Breach of Promissory Note").

## II. FACTUAL AND PROCEDURAL BACKGROUND

Geiger Bros. is a Maine corporation in the business of manufacturing,

wholesaling, and distributing custom advertising products and materials. Pl.'s SMF, ¶

1 (*hereinafter* "_SMF at __."). Conradson has acted as an independent sales

representative for Geiger Bros. prior to its purported termination of an Independent

Dealer Agreement ("Dealer Agreement").[1] *Id.* at ¶¶ 2, 3. Blue Cross Blue Shield of

Arizona ("Blue Cross") is a client of Geiger Bros. whose account has been handled by

Conradson. *Id.* at ¶¶ 5, 6. Geiger Bros.'s business dealings with Blue Cross involved a

situation where Blue Cross owned an inventory of promotional products that were

located at a storage facility ("the Storage Facility") in Tempe, Arizona owned by

Conradson's sister. *Id.* at ¶¶ 7, 8.

---

[1] The Dealership Agreement is found as an attachment to the Affidavit of Jo-An Lantz in Support of
Plaintiff's Motion for Partial Summary Judgment.

At some point, a dispute arose regarding whether Conradson was entitled to charge Blue Cross certain project management fees in the amount of $33,000. PSMF at ¶ 11; DSMF at ¶ 11; Def.'s Add. SMF, ¶¶ 37-39 (hereinafter "_ASMF at __."). Conradson believed through her past dealings, that she was entitled to charge such fees, whereas Geiger Bros. takes the position that Conradson overcharged Blue Cross, and was required to reimburse it for the full amount. DSAMF at ¶¶ 37-39. Following a discussion on the matter, Conradson signed a promissory note[2] ("Note") that is payable on demand to Geiger Bros. for $15,000.[3] PSMF at ¶ 12. The note provided that plaintiff would forbear demanding immediate payment on the note provided that, *inter alia*, the Dealer Agreement remains in effect and the defendant does not engage in any form of business related to the manufacture or distribution of promotional products. Id. at ¶ 15.

In September 2008, Blue Cross received an invoice from a company called YESS for warehousing and fulfillment fees. PSMF at ¶ 19. The invoices reflect that YESS's address is 4736 E. Calle de Norte, Phoenix, AZ, which Geiger Bros. claims is Conradson's address. Id. Conradson contends that she has never had any interest in YESS and that although her sister owned YESS until 2008, she is unsure as to who owned YESS when the invoices were issued. DSAMF at ¶¶ 60-63. On October 23, 2008, Geiger Bros. informed Conradson that her Dealer Agreement was being cancelled and that she had violated the terms of the Note. PSAMF at ¶ 68. In either mid October or

---

[2] The Note is found as an attachment to the Affidavit of Jo-An Lantz in Support of plaintiff's Motion for Partial Summary Judgment.

[3] In her Statement of Material Facts, Conradson alludes to an argument that the execution of the Note was the result of business compulsion and economic duress. However, she did not raise that argument as a ground for invalidating the Note. Maine has not yet recognized the doctrines of business compulsion or economic duress. *See Prescott v. Ross,* 383 F.Supp.2d 180, 189 (D. Me. 2005).

2

late November, Conradson began doing business as an entity called SWAGZ selling promotional products.[4]

Geiger Bros. has filed a six count complaint against Conradson, claiming "Breach of the non-compete provisions of the Promissory Note" (count I), "Breach of the Promissory Note" (count II), "Conversion" (count III), "Negligence" (count IV), "Breach of Warehouseman's Duty, 11 M.R.S.A. § 7-204" (count V), and "Unjust Enrichment" (count VI). This motion requests summary judgment on count II only, the promissory note.

## III. DISCUSSION

### A. Standard of Review

Summary Judgment is appropriate when the court's review of the parties' statements of material fact and cited record evidence indicates there exists no genuine issues of material fact such that the moving party is entitled to judgment as a matter of law. *Dyer v. Dep't. of Transportation*, 2008 ME 106, ¶ 14, 951 A.2d 821, 825. A fact is "material" if it could potentially affect the outcome of the dispute under governing law. *Id.* An issue of fact is "genuine" if there is sufficient evidence to require the fact finder to choose between two competing versions of the fact at trial. *Inkel v. Livingston*, 2005 ME 42, ¶ 4, 869 A.2d 745, 747. The court considers the evidence and all reasonable inferences to be drawn from that evidence in the light most favorable to the nonmoving party. *Id.* However, the nonmoving party may not rely on conclusory allegations, improbable inferences, and unsupported speculation to defeat summary judgment. *Dyer*, 2008 ME 106 at ¶ 13, 951 A.2d at 825.

---

[4] According to Conradson, she began doing business as SWAGZ in late November 2008. DSAMF at ¶ 71. However, Geiger has submitted documentation suggesting that Conradson was engaged in business as SWAGZ as early as October 17, 2008, prior to the cancellation of the Dealership Agreement. PSAMF at ¶ 71.

## B. Termination of the Dealership Agreement

The Law Court has explained, "[a] promissory note is a contract." *QAD Investors v. Kelly*, 2001 ME 116, ¶ 13, 776 A.2d 1244, 1248. Accordingly, ordinary rules of construction apply. *Id.* When a contract is unambiguous, the interpretation of the contract is a question of law. *Id.* (citing *Acadia Ins. Co. v. Buck Constr. Co.*, 2000 ME 154, ¶ 8, 756 A.2d 515, 517).

Here, the Note expressly provides that a condition of Geiger Bros.'s promise not to demand payment is that "[t]he Independent Dealer Agreement between [Conradson] and Geiger Bros. shall remain in full force and effect." Geiger Bros.'s has taken the position that when it terminated the Dealer Agreement, it was entitled to demand full payment on the note because the condition permitting it to demand payment was triggered. *Pl.'s Mot.* at 5-6. Conradson has replied that the termination was illegal because she had not violated any condition of the Note. *Def. Mot.* at 5.

Here, Conradson appears to be confusing Geiger Bros. ability to terminate the Dealership Agreement with its ability to demand payment under the Note. The Dealership Agreement outlines the terms and conditions of the relationship between Geiger Bros. and Conradson as wholesaler and distributor. Section 1 of the Dealership Agreement states "[n]othing in this agreement shall implicitly or expressly allow either party to assume or create any contract obligation or responsibility for in the name of the other party in any way whatever." This language implies that the agreement can be freely terminated at any time, and that Geiger Bros. is not obligated to continue retaining Conradson as a dealer, nor is Conradson obligated to continue selling Geiger

4

Bros. products.[5] Consequently, whether or not Conradson violated any of the terms of the Note is immaterial as to whether Geiger Bros. had the power to terminate the Dealership Agreement, thus excusing its obligation to forbear.[6]

Accordingly, the court finds that Geiger Bros.'s duty to forbear is excused because the Dealership Agreement is no longer in effect.

## C. Invoicing of Blue Cross by YESS

The next argument advanced by Geiger Bros. in support of its claim is that Conradson violated the non-competition provision of the Note when she allegedly billed Blue Cross for storage and warehousing fees in September 2008 and when she began engaging in the business of selling promotional products as SWAGZ.

Regarding the alleged billing of Blue Cross in September 2008, summary judgment on this ground is inappropriate.

Geiger Bros. has submitted copies of invoices to the court from an entity called YESS, indicating an address that Geiger claims is Conradson's address, and also indicating the Geiger salesperson as "AG."[7] However, Conradson's sworn statement denies ever having any ownership in YESS and claims that she was not the person who billed Blue Cross. This inconsistency creates a genuine issue of fact as to what role, if any, Conradson played in the September invoicing of Blue Cross that is material to whether the non-competition provision was violated.

---

5. Section 4 of the Dealership Agreement relates to termination. Although it does outline specific instances that constitute grounds for termination by either party, it does not expressly state that either party is prohibited from terminating the agreement under other circumstances.

6. This raises a potential concern regarding the extent Geiger Bros. control over a condition precedent to its own performance. Here, however, it does not appear that Geiger Bros. was acting in bad faith, but was instead basing its decision to terminate the agreement on information received that Conradson had acted in a way that it deemed to be improper. *See E.B. Harper & Co. v. Nortek, Inc.*, 104 F.3d 913, 919 (7th Cir. 1997) ("[g]ood faith and fair dealing requires that parties use reasonable efforts to bring about the occurrence of conditions precedent within their control").

7. The complaint names the defendant as "Anita Conradson, f/k/a Anita Gregolynskyj." The defendant's answer to the complaint is signed "Anita Gregolynskyj."

Regarding SWAGZ, Conradson concedes that she has, in fact, been doing business as SWAGZ, although she contests whether this is in violation of the Note because it allegedly occurred after Geiger terminated the agreement. *See* PSMF at ¶ 20; DSMF at ¶ 20; PASMF at ¶ 71. Again, Conradson's argument is confusing the distinction between violating the terms of the Note and violating the terms of the Dealership Agreement. Despite the fact that the Dealership Agreement had been terminated when she began doing business as SWAGZ, the conditions to Geiger's obligation to forbear an immediate demand of the $15,000 were still in effect, assuming that obligation was not already discharged by the termination of the Dealership Agreement. Consequently, no genuine issue of material fact exists on this issue and summary judgment is appropriate on this grounds.

## D. Enforceability of the Non-Competition Provision of the Note

The next issue raised by the parties is, assuming that Conradson violated the non-competition provision of the Note, whether that provision is enforceable.[8] In this portion of their arguments, the parties disputed whether the non-compete provision contained in the Note withstands scrutiny as a covenant to not-compete under Maine law, pursuant to *Chapman & Drake v. Harrington*, 545 A.2d 645, 647 (Me. 1988). However, a significant issue raised here that was not discussed in the memoranda of counsel, is whether the provision contained in the Note should even be subject to the legal requirements of a covenant to not compete. *See Sarnoff v. American Home Prods. Corp.*, 798 F.2d 1075, 1080-81 (7th Cir. 1986) ("[a]lthough the condition is carefully designed to avoid being classified as a covenant not to compete -- there is no promise by the employee not to compete, only a condition forfeiting his rights if he does compete

---

[8] Although this motion is only for count II, count I of the Complaint seeks damages resulting from Conradson's alleged breach of the Non-Compete provisions of the Note. Accordingly, this creates grounds for dismissal of count I.

. . . might pierce the formal wrappings, thinking it an unimportant detail whether Sarnoff received a carrot for not competing or was hit over the head with a stick (an injunction) for competing"). The Law Court has not addressed whether a condition of forfeiture for violating a non-competition provision is subject to the same requirements as a covenant to not compete. However, a distinction drawn in a Federal District Court case is instructive. In *Combined Ins. Co. v. Hansen*, an employment contract provided an employee with post-termination benefits, conditioned on a provision that the employee refrains from competing with the company. 756 F. Supp. 458, 460 (D. Or. 1991). The Court explained that this arrangement was not subject to the requirements of a restrictive non-competition covenant because a violation of the provision results in a forfeiture of benefits being presently received, rather than penalties, injunctive or otherwise, or the forfeiture of benefits that have already been earned. Id. at 465. *See also Smith v. Maine Unemployment Ins. Comm'n*, 2002 Me. Super. LEXIS 239, at **8-9 (December 13, 2002) (holding that *Chapman* does not apply to an agreement between an employer and employee that the employee will not engage in simultaneous employment).

The situation here is similar to that in *Combined Ins*. Conradson agreed to execute a Note to Geiger Bros. for $15,000. She further agreed that in exchange for Geiger Bros. promise to forbear demanding immediate payment on the note, she would not compete against Geiger Bros. An act of competition by Conradson does not result in an injunction or subject her to civil damages resulting from the competition, but instead causes her to only forfeit a benefit she is currently receiving at the time of action. The policy against non-competition covenants is based on the fact that such a provision inhibits a person's ability to support him or herself in their chosen profession without subjecting themselves to civil liability. *Chapman*, 545 A.2d at 646-647. Invalidating a

7

non-competitive provision in a Promissory Note that simply causes a person to forfeit a benefit she is currently receiving does not further this policy. Accordingly, the non-competition provision of the Note is not a promissory covenant to not compete that is subject to the standard in *Chapman*.

Should the court find that the provision is subject to the requirements of *Chapman*, the provision of the Note is unenforceable in this case. The Law Court has explained that non-competition covenants "are contrary to public policy and will be enforced only to the extent that they are reasonable and sweep no wider than necessary to protect the business interests in issue." *Chapman*, 454 A.2d at 647. The provisions of the covenant must be reasonable, and "[t]he reasonableness of a specific covenant must ultimately be determined by the facts developed in each case as to its duration, geographic area and the interests sought to be protected." *Id.* Accordingly, the court examines the agreement "only as [plaintiff] sought to apply it and not as it might have been enforced."

Geiger Bros. argues that enforcement is reasonable here because it only seeks to enforce the Note against Conradson for soliciting business from Geiger Bros.'s customers in Arizona. This argument is puzzling. Geiger Bros. claims that preventing Conradson from soliciting business from Blue Cross is reasonably necessary for the protection of it's relationship with Blue Cross. *Pl.'s Rep. Mot.* at 4. However, it is unclear how Conradson's alleged charging of warehousing and storage fees for Geiger Bros. products owned by Blue Cross affects that business interest. Geiger Bros. is a wholesaler and has not submitted any evidence suggesting it is in the business of storage of the promotional products it sells. Were Conradson engaging in the business of soliciting business from Blue Cross to purchase from Geiger Bros.'s competitors, the argument would carry more weight. However, prohibiting Conradson from providing

warehousing services to Blue Cross is an unreasonable restriction in light of the business interests Geiger Bros. is purporting to protect.

## IV. DECISION AND ORDER

The clerk will make the following entry as the Decision and Order of the court:

- Whereas the dealership agreement was terminated, plaintiff's obligation to forbear from execution on the note is excused.

- Plaintiff's Motion for Summary Judgment as to Count II, liability on the promissory note is granted.

- Because final judgment has not been entered on all issues, no interest or costs are awarded at this time.

SO ORDERED

February 10, 2010

Thomas E. Delahanty II
Justice, Maine Superior Court

9

GEIGER BROTHERS - PLAINTIFF

Attorney for: GEIGER BROTHERS
JAMES E BELLEAU  - RETAINED 12/15/2008
SKELTON TAINTOR & ABBOTT
95 MAIN STREET
PO BOX 3200
AUBURN ME 04212-3200


vs
ANITA CONRADSON FKA GREGOLYNSKYJ  - DEFENDANT
5024 EAST FLOWER ST,
PHEONIX AZ 85018
Attorney for: ANITA CONRADSON FKA GREGOLYNSKYJ
DAVID SHERMAN  - RETAINED 03/16/2009
DRUMMOND WOODSUM & MACMAHON
84 MARGINAL WAY SUITE 600
PORTLAND ME 04101

SUPERIOR COURT
ANDROSCOGGIN, ss.
Docket No  AUBSC-CV-2008-00242


**DOCKET RECORD**


Filing Document: COMPLAINT                    Minor Case Type: CONTRACT
Filing Date: 12/15/2008

## Docket Events:

12/16/2008 FILING DOCUMENT - COMPLAINT FILED ON 12/15/2008

12/16/2008 Party(s):  GEIGER BROTHERS
           ATTORNEY - RETAINED ENTERED ON 12/15/2008
           Plaintiff's Attorney: JAMES E BELLEAU


12/16/2008 CERTIFY/NOTIFICATION - CASE FILE NOTICE SENT ON 12/16/2008


01/13/2009 Party(s):  ANITA CONRADSON FKA GREGOLYNSKYJ
           RESPONSIVE PLEADING - ANSWER FILED ON 01/12/2009


01/13/2009 ORDER - SCHEDULING ORDER ENTERED ON 01/13/2009
           THOMAS E DELAHANTY II, JUSTICE
           ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT.  COPIES TO
           PARTIES/COUNSEL


01/13/2009 DISCOVERY FILING - DISCOVERY DEADLINE ENTERED ON 09/13/2009


01/13/2009 Party(s):  ANITA CONRADSON FKA GREGOLYNSKYJ
           SUMMONS/SERVICE - PROOF OF SERVICE SERVED ON 12/18/2008
           TO THE DEF IN HAND


01/13/2009 Party(s):  ANITA CONRADSON FKA GREGOLYNSKYJ
           SUMMONS/SERVICE - PROOF OF SERVICE FILED ON 01/13/2009


01/14/2009 Party(s):  GEIGER BROTHERS
           RESPONSIVE PLEADING - REPLY/ANSWER TO COUNTERCLAIM FILED ON 01/14/2009
           PLT'S


03/17/2009 Party(s):  ANITA CONRADSON FKA GREGOLYNSKYJ
           ATTORNEY - RETAINED ENTERED ON 03/16/2009

Defendant's Attorney: DAVID SHERMAN

03/17/2009 ADR - NOTICE OF ADR PROCESS/NEUTRAL FILED ON 03/16/2009
PARTIES HAVE AGREED TO USE PETER FESSENDEN ESQ., AS MEDIATOR, NO DATE SET YET.

03/25/2009 ADR - NOTICE OF ADR PROCESS/NEUTRAL FILED ON 03/25/2009
ADR IS SCHEDULED FOR 4/27/09 WITH PETER FESSENDEN ESQ. AS MEDIATOR.

04/10/2009 Party(s): GEIGER BROTHERS
MOTION - MOTION TO AMEND PLEADING FILED ON 04/09/2009
SCHEDULING ORDER WITH DRAFT ORDER

04/13/2009 Party(s): GEIGER BROTHERS
MOTION - MOTION TO AMEND PLEADING GRANTED ON 04/10/2009
THOMAS E DELAHANTY II, JUSTICE
THE DEADLINE FOR PLT TO DESIGNATE EXPERTS IS MAY 13, 2009 AND DEFENDANT TO DESIGNATE BY
JULY 13, 2009. COPIES TO PARTIES ON 4-13-09.

04/30/2009 ORDER - REPORT OF ADR CONF/ORDER ENTERED ON 04/29/2009
THOMAS E DELAHANTY II, JUSTICE
ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT. COPIES TO
PARTIES/COUNSEL

04/30/2009 ORDER - REPORT OF ADR CONF/ORDER UNRESOLVED ON 04/29/2009
THOMAS E DELAHANTY II, JUSTICE

05/15/2009 Party(s): GEIGER BROTHERS
MOTION - MOTION TO AMEND PLEADING FILED ON 05/12/2009
WITH MEMORANDUM OF LAW AND PROPOSED ORDER

06/19/2009 Party(s): GEIGER BROTHERS
MOTION - MOTION TO AMEND PLEADING GRANTED ON 06/19/2009
THOMAS E DELAHANTY II, JUSTICE
PLAINTIFF SHALL BE ENTITLED TO AMEND ITS COMPLAINT. COPIES TO COUNSEL ON 6-19-09

06/19/2009 Party(s): GEIGER BROTHERS
SUPPLEMENTAL FILING - AMENDED COMPLAINT FILED ON 06/19/2009

06/25/2009 Party(s): ANITA CONRADSON FKA GREGOLYNSKYJ
RESPONSIVE PLEADING - ANSWER TO AMENDED PLEADING FILED ON 06/25/2009

07/07/2009 Party(s): GEIGER BROTHERS
MOTION - MOTION PARTIAL SUMMARY JUDG FILED ON 07/06/2009
PLT WITH STATEMENT OF MATERIAL FACTS, MEMORANDUM OF LAW IN SUPPORT OF MOTION, AFFIDAVIT OF
JO-AN LANTZ WITH PROPOSED ORDER REC'D 08-13-09: DEFENDANT'S OPPOSITION WITH RESPONSE TO
STATEMENT OF MATERIAL FACTS AND REPLY STATEMENT REC'D 08-31-09: REPLY MEMORANDUM WITH
REPLY STATEMENT OF MATERIAL FACTS, SECOND AFFIDAVIT OF JO-AN LANTZ

07/28/2009 Party(s): ANITA CONRADSON FKA GREGOLYNSKYJ
MOTION - MOTION FOR ENLARGEMENT OF TIME FILED ON 07/28/2009
TO FILE OBJECTION TO MOTION FOR SUMMARY JUDGMENT

07/29/2009 Party(s): ANITA CONRADSON FKA GREGOLYNSKYJ

MOTION - MOTION FOR ENLARGEMENT OF TIME GRANTED ON 07/29/2009
JOYCE A WHEELER , JUDGE
DEFENDANT SHALL HAVE UNTIL AUGUST 10, 2009 TO FILE HER OBJECTION TO THE PENDING MOTION FOR
SUMMARY JUDGMENT.  COPIES TO COUNSEL ON 7-29-09

08/13/2009 Party(s):  GEIGER BROTHERS
MOTION - MOTION FOR ENLARGEMENT OF TIME FILED ON 08/12/2009
TO FILE REPLY TO MOTION FOR SUMMARY JUDGMENT

08/17/2009 Party(s):  GEIGER BROTHERS
MOTION - MOTION FOR ENLARGEMENT OF TIME GRANTED ON 08/17/2009
DONALD H MARDEN , JUSTICE
REPLY TO SUMMARY JUDGMENT TO BE FILED BY AUGUST 31, 2009.  COPIES TO COUNSEL ON 8-17-09

08/19/2009 Party(s):  ANITA CONRADSON FKA GREGOLYNSKYJ
OTHER FILING - AFFIDAVIT FILED ON 08/18/2009
OF DEF

09/29/2009 OTHER FILING - STATEMENT OF TIME FOR TRIAL FILED ON 09/28/2009

09/29/2009 Party(s):  GEIGER BROTHERS
OTHER FILING - REQUEST FOR HEARING FILED ON 09/28/2009
FOR MOTION FOR PARTIAL SUMMARY JUDGMENT

10/21/2009 HEARING - MOTION PARTIAL SUMMARY JUDG SCHEDULED FOR 10/28/2009 @ 11:15

10/27/2009 Party(s):  ANITA CONRADSON FKA GREGOLYNSKYJ
MOTION - MOTION TO CONTINUE FILED ON 10/27/2009
CONSENTED MOTION TO CONTINUE HEARING ON MOTION FOR PARTIAL SUMMARY JUDGMENT

10/27/2009 Party(s):  ANITA CONRADSON FKA GREGOLYNSKYJ
MOTION - MOTION TO CONTINUE GRANTED ON 10/27/2009
THOMAS E DELAHANTY II, JUSTICE
COPIES TO PARTIES/COUNSEL

10/27/2009 HEARING - MOTION PARTIAL SUMMARY JUDG CONTINUED ON 10/27/2009
THOMAS E DELAHANTY II, JUSTICE

12/29/2009 ORDER - PRETRIAL/STATUS ENTERED ON 12/24/2009
THOMAS E DELAHANTY II, JUSTICE
ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT.  COPIES TO
PARTIES/COUNSEL

12/29/2009 TRIAL - BENCH SCHEDULED FOR 02/09/2010

01/05/2010 HEARING - MOTION SUMMARY JUDGMENT SCHEDULED FOR 02/04/2000 @ 9:45

01/13/2010 Party(s):  ANITA CONRADSON FKA GREGOLYNSKYJ
MOTION - OTHER MOTION FILED ON 01/13/2010
DEFENDANT'S MOTION TO APPEAR TELEPHONICALLY AT TRIAL REC'D ON 1/29/10 PLT'S OPPOSITION

01/29/2010 Party(s):  GEIGER BROTHERS
DISCOVERY FILING - RULE 26(G) LETTER FILED ON 01/29/2010

PLT'S

01/29/2010 Party(s): GEIGER BROTHERS
          MOTION - MOTION TO ENFORCE FILED ON 01/29/2010
          WITH MEMORANDUM OF LAW, DRAFT ORDER, NOTICE OF HEARING FILED BY PLT        TO ENFORCE
          SETTLEMENT AGREEMENT REC'D ON 2/3/10 OBJECTION

02/04/2010 HEARING - MOTION SUMMARY JUDGMENT HELD ON 02/04/2010
          THOMAS E DELAHANTY II, JUSTICE
          Defendant's Attorney: DAVID SHERMAN
          Plaintiff's Attorney: ADAM R LEE
          TAPE NO 343 INDEX NO'S 3554-4196. PER TED IT IS OK FOR THE DEF TO APPEAR THROUGH VIDEO
          CONFERENCE FOR TRAIL, NOT VIA TELEPHONE. MATTER TAKEN UNDER ADVISEMENT.

02/11/2010 Party(s): GEIGER BROTHERS
          MOTION - MOTION TO ENFORCE DENIED ON 02/10/2010
          THOMAS E DELAHANTY II, JUSTICE
          COPIES TO PARTIES/COUNSEL

02/11/2010 Party(s): ANITA CONRADSON FKA GREGOLYNSKYJ
          MOTION - OTHER MOTION DENIED ON 02/10/2010
          THOMAS E DELAHANTY II, JUSTICE
          DEFENDANT'S MOTION TO APPEAR TELEPHONICALLY AT TRIAL REC'D ON 1/29/10 PLT'S OPPOSITION
                                                        DEFENDANT MAY APPEAR BY
          VIDEO CONFERENCE

02/11/2010 Party(s): GEIGER BROTHERS
          MOTION - MOTION PARTIAL SUMMARY JUDG GRANTED ON 02/10/2010
          THOMAS E DELAHANTY II, JUSTICE
          WHAREAS THE DEALERSHIP AGREEMENT WAS TERMINATED, PLAINTIFF'S OBLIGATION TO FORBEAR FROM
          EXECUTION ON THE NOTE IS EXCUSED. PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AS TO COUNT II,
          LIABILITY IN THE PROMISSORY NOTE IS GRANTED. BECAUSE FINAL JUDGMENT HAS NOT BEEN ENTERED
          ON ALL ISSUES, NO INTEREST OR COSTS ARE AWARDED AT THIS TIME.

02/12/2010 Party(s): GEIGER BROTHERS
          OTHER FILING - WITNESS LIST FILED ON 02/11/2010
          AMENDED

02/12/2010 Party(s): GEIGER BROTHERS
          OTHER FILING - EXHIBIT LIST FILED ON 02/11/2010
          UPDATED

02/24/2010 Party(s): GEIGER BROTHERS
          OTHER FILING - EXHIBIT LIST FILED ON 02/23/2010

A TRUE COPY
ATTEST: _____
                    Clerk